# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MEYERS DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BONITA SHORES CONSTRUCTION, INC, J.L. WALLACE, INC., and AVE MARIA UNIVERSITY,<br><br>    Defendants. | Civil Action File No.: 2:23-cv-00187 |

## PLAINTIFF UNITED SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, United Specialty Insurance Company ("United Specialty"), files its Complaint for Declaratory Judgment against Bonita Shores Construction, J.L. Wallace, Inc., and Ave Maria University (collectively, the "Defendants"), stating as follows:

## NATURE OF ACTION

1. This is an insurance coverage action in which United Specialty seeks a declaratory judgment, under 28 U.S.C. § 2201, regarding its duty to defend and/or indemnify Bonita Shores Construction, Inc. ("Bonita" or "Insured Party"), or any other defendant, in a pending lawsuit against allegations made by Ave Maria University. ("Ave Maria"). The lawsuit is styled as *Ave Maria University, Inc., a Florida Not For Profit Corporation v. Full Construction Services, Inc., GFA Intern'l, Inc., Humphrey-Roasal Architects, A.I.A, P.A., Jason P. Tramonte Architect, Inc., J.L. Wallace, Inc., Kevatron Engineering, Inc., Liebl & Barrow Engineering, Inc., Austex, Inc., d/b/a Richard E. Stephenson II Construction Management, Tuchman Engineering Services, Inc., Wilsonmiller, Inc., Zanette Construction Co., LLC* (the "Underlying Defendants"), Case No. 2020-

CA-0396, in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida (the "Underlying Lawsuit").

2. United Specialty is a Delaware corporation with its principal place of business in Dover, Delaware. United Specialty is a citizen of Delaware.

3. Bonita Shores is a Florida corporation pursuant to Chapter 718, Florida Statutes, with its principle office located at 14848 Old 41 Road North, Suite #3, Naples, Florida 34110. Bonita Shores may be served through its registered agent, Yolonda Castro at 4873 Regal Drive, Bonita Springs, Florida 34134. Bonita Shores is a citizen of Florida.

4. Ave Maria is a Florida not for profit corporation pursuant to Chapter 617, Florida Statutes, with its principle office located at 5050 Ave Maria Boulevard, Ave Maria, Florida 34142. Ave Maria may be served through its registered agent, Andrew J. Britton at 401 Johnson Lane, Suite 102, Venice, Florida 34285. Ave Maria is a citizen of Florida.

5. J.L. Wallace, Inc.("Wallace"), is an inactive Florida Corporation pursuant to Chapter 718, Florida Statutes, with its principle office located at 9111 West College Point Drive, Fort Meyers, Florida 33919. Wallace may be served through its registered agent, Royal Corinthian Homes, Inc located at 9111 West College Point Drive, Fort Meyers, Florida 33919. J.L. Wallace is a citizen of Florida.

6. The Court has personal jurisdiction over each Defendants by virtue of sufficient contacts with the forum.

7. Complete diversity of citizenship exists between Uniter Specialty and the Defendants United Specialty is a Delaware citizen and the Defendants are citizens of Florida. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper because a substantial part of the events giving rise to the allegations in the Underlying Lawsuit occurred in this district and, in the alternative, at least one defendant is subject to the Court's personal jurisdiction in this district, pursuant to 28 U.S.C. § 1391.

9. To ensure complete relief, United Specialty named Ave Maria University, Plaintiff and J.L. Wallace Defendant/Third-Party Plaintiff in the Underlying Lawsuit, in addition to the Insured Party.

10. This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to United Specialty's obligations for the Underlying Lawsuit to Bonita Shores, or any of the other potential defendants, under a policy of insurance issued to Bonita Shores. United Specialty is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including its duty to defend and/or indemnify Bonita Shores in the Underlying Lawsuit. An actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## THE UNDERLYING LAWSUIT

11. On February 5, 2020, Ave Maria filed the Underlying Lawsuit against the Underlying Defendants. This action for injunctive relief and damages in part alleged by Ave Maria that Bonita Shores improperly performed their work related to the underlying project and thus its work needs to be replaced. The 5th amended complaint was filed as of April 13, 2021, and is the operative complaint in the Underlying Lawsuit. A true and correct copy of Ave Maria's 5th Amended Complaint and Order granting leave is attached hereto as Exhibit "A".

12. On May 9, 2021, Wallace filed a third amended, third-party complaint against Gulf States Manufacturers, Inc., Kirby Building Systems Mississippi LLC f/k/a Gulf States Manufacturers, LLC, Ringers Erectors, Inc., Bonita Shores Construction, Inc., Florida Glass &

Aluminum, Inc., Bell & Cook Masonry, Inc., and City Paint, Inc. A true and correct copy of Wallace's third amended third-party Complaint is attached hereto as "Exhibit B".

13. In the Underlying Lawsuit, Ave Maria alleges Bonita Shores was negligent in the installation of metal framing, drywall and stucco, and that Bonita Shores violated applicable building codes in its work on the field house located at 4810 Kelleher Street, Ave Maria, Florida 34142 and owned by Ave Maria.

14. According to the Complaint, the building sustained damage due to defective construction by the Underlying Defendants. Specific to the stucco, Ave Maria alleges distress and failures of the stucco cladding, improper bonding allowing water intrusion, failure to install weep screeds, failure to install sealant at terminations and intersections, failure to install in accordance with the drawings, failure to provide a water-resistant exterior wall envelope, failure to install a water resistive barrier behind the veneer, failure to install flashing at terminations, joints and changes in profile of the paper backed metal lath, and improper termination of paper backing over the flange control joint. These failures related to the stucco have allegedly caused damage to the framing, sheathing, interior of the building and other elements of the building.

15. According to the third-party complaint filed by Wallace, Wallace subcontracted with Bonita Shores for certain work related to the field house located at 4810 Kelleher Street, Ave Maria, Florida 34142.

16. Wallace's third-party complaint alleges seven counts against Bonita Shores, to wit: breach of contract, contractual indemnity, common law indemnity, breach of contractual warranty, breach of implied warranty, negligence and violation of Florida Statutes §553.84.

17.     Eugene Munin testified as the corporate representative of Defendant, Ave Maria University in the Underlying lawsuit on August 16, 2021 and January 19, 2023. A true and accurate copy of the August 16, 2021 transcript is attached as Exhibit "C".

18.     Mr. Munin testified the certificate of occupancy was issued on October 1, 2010 and Ave Maria occupied and used the building shortly thereafter. Ex. C, P.145:6:16

19.     Mr. Munin testified Ave Maria involved another contractor to replace panels of stucco in December of 2017 into January of 2018 due to water intrusion and cracking. Ex. C, P.201-202:14-5, P.205-206: 24-11.

## UNITED SPECIALTY'S RESERVATION OF RIGHTS

20.     United Specialty received notice of the underlying lawsuit in April of 2021. Through their third-party administrator, USIC acknowledged receipt of the loss and reserved its rights under the Policy. USIC issued a supplemental reservation of rights letters on June 17, 2022, advising Bonita Shores that United Specialty was agreeing to join its defense of the Underlying Lawsuit that was being provided by a co-insurer. A true and accurate copy of the June 17, 2022 letter is attached as Exhibit "E".

## THE POLICY

21.     United Specialty issued commercial general liability policy number DCI00731-00 to Bonita Shore's Construction, Inc., for the period of November 30, 2018 to November 30, 2019 (the "Policy)". A true and correct copy of the Policy is attached as Exhibit "F".

22.     The Commercial General Liability Coverage Form for the Policy states, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking "bodily injury" or "property damage" to which this insurance does not apply. …

    ***

    b.  This insurance applies to "bodily injury" and "property damage" only if:

    ***

    (2)  The "bodily injury" or "property damage" occurs during the policy period; and

    (3)  Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Ex. D, CG 00 01 04 13, p. 1 of 16.

23.  The Policy contains an exclusion for Continuous or Progressive Injury and Damage. The policy provides:

**EXCLUSION –CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE**
This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. This insurance does not apply to any damages because of or related to "bodily injury" or "property damage":

  1. Which first existed, or alleged to have first existed, prior to the inception date of this policy; or

  2. Which are, or are alleged to be, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period; or

  3. Which were caused, or are alleged to have been caused, by the same condition or construction defect which resulted in "bodily injury" or "property damage" which first existed prior to the inception date of this policy.

We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.

All other terms and conditions of this policy remain unchanged.

**COUNT I – DECLARATORY RELIEF**
**(NO DUTY TO DEFEND OR INDEMNIFY)**

24. United Specialty repeats and realleges paragraphs 1-24 as if fully set forth herein.

25. The Underlying Lawsuit alleged Ave Maria suffered damages as the result of defective construction and continues to suffer damages due to water penetrating the exterior of the building and damaging the interior components.

26. Ave Maria University's corporate representative testified the damage was discovered and repairs were being made by December of 2017;

27. The third-party complaint filed by JL Wallace alleges the work performed by Bonita Shores was defective;

28. Ave Maria seeks damages for the interior water leaks as well as to replace the defective work allegedly performed by Bonita Shores;

29. Therefore, Ave Maria's claims against Bonita Shores:

    a. are not "property damage" caused by an "occurrence";

    b. were known prior to the Policy Period; and

    c. fall within the Policy's exclusion for Continuous and Progressive Damage.

30. Accordingly, United Specialty seeks a declaration that there is no coverage under the Policy for the claims alleged against Bonita Shores in the Underlying Lawsuit and, therefore, United Specialty has no duty to defend or indemnify Bonita Shores for any claims arising out of, or related to, the Underlying Lawsuit.

## PRAYER FOR RELIEF

1. The Court to declare that there is no coverage available under the Policy for Bonita Shores Construction, and that judgment be entered in favor of United Specialty and against all of the Defendants that United Specialty owes no duty to defend nor indemnify Bonita Shores Construction, or any other party, in the Underlying Lawsuit or against any claims or suits that may have been or may be brought arising out of or related to the facts alleged in the Underlying Lawsuit;

2. The Court to order that United Specialty may withdraw the defense being provided to Bonita Shores Construction in the Underlying Lawsuit;

3. The Court to order that United Specialty is entitled to recover all defense costs incurred to date to defend Bonita Shores Construction in the Underlying Lawsuit; and

4. The Court to award United Specialty its costs of suit and such other relief as the Court deems just and proper.

This 14th day of March 2023.

*(signature on next page)*

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>1230 Peachtree Street, Suite 925<br>Atlanta, Georgia 30309<br>Telephone:  470-552-1150<br>Fax:  470-552-1151<br>rzelonka@wshblaw.com<br>slytle@wshblaw.com | */s/ Richard E. Zelonka, Jr.*<br>Richard E. Zelonka, Jr.<br>Florida Bar No. 656941<br><br>*Counsel for United Specialty Insurance Company* |